**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 10-30320 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00298-TSZ-1 |
| v. | |
| **PETER UNAKALU**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted October 11, 2011
Seattle, Washington

Before:     **KOZINSKI**, Chief Judge, **PAEZ**, Circuit Judge, and **BURNS**, District Judge.[**]

An inventory search is a "well-defined exception to the warrant requirement

of the Fourth Amendment." Colorado v. Bertine, 479 U.S. 367, 371 (1987). Such

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

a search is reasonable so long as officers exercise their discretion "'according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.'" <u>Florida</u> v. <u>Wells</u>, 495 U.S. 1, 4 (1990) (quoting <u>Bertine</u>, 479 U.S. at 375).  The officers conducted this inventory search after defendant's rental car was impounded and he asked that his belongings be taken for safe-keeping.  The officers followed the Seattle Police Department's standard inventory policy, which requires officers to search for contraband, narcotics, explosives, hazardous materials, perishable items, money and weapons.  This necessarily involves looking within closed containers, thus making the officers' search of defendant's sealed envelopes reasonable under the Fourth Amendment.  Because we find that the inventory search was reasonable, it is unnecessary to decide whether defendant's consent was valid.

**AFFIRMED.**